# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | : | ID. No. 1607019111 |
| | : | In and for Kent County |
| v. | : | |
| | : | RK16-08-0323-01 ATT Murder 1st (F) |
| AARON T. PURNELL, | : | RK16-08-0324-01 PFDCF (F) |
| | : | |
| Defendant. | : | |

## ORDER

Submitted: January 14, 2019
Decided: January 23, 2019

On this 23rd day of January, 2019 upon consideration of Aaron Purnell's ("Mr. Purnell") Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

1. Mr. Purnell pled guilty on June 19, 2017, the day he was scheduled to go to trial. He had initially rejected the State's plea offer and the jury had been selected. He then pled guilty to one count of Attempted Murder in the First Degree, 11 *Del. C.* § 531, and one count of Possession of a Firearm During the Commission of a Felony ("PFDCF"), 11 *Del. C.* § 1447A. In exchange for his plea the State entered *nolle prosequis* on the remaining counts including three additional counts of Possession of a Firearm During the Commission of a Felony, one count of Possession of a Firearm by a Person Prohibited, one count of Aggravated Menacing, one count of Reckless Endangering in the First Degree, one count of Resisting Arrest with Force, and one count of Theft of a Firearm.

2. As part of the Plea Agreement the State agreed to recommend a sentence of forty-three years incarceration, suspended for probation after serving twenty-eight years. Due to the nature of the charges and Mr. Purnell's criminal history, he faced enhanced sentencing and a total of life in prison plus 122 years had he been found guilty of all charges. The Court followed the recommended sentence.

3. On July 19, 2017, Mr. Purnell filed a Motion for Modification of Sentence through counsel, which the Court denied on September 11, 2017. He did not appeal his conviction or sentence to the Delaware Supreme Court. Mr. Purnell later filed, *pro se*, the pending motion for postconviction relief pursuant to Superior Court Criminal Rule 61 alleging, in part, ineffective assistance of counsel.

4. On October 31, 2018, the Commissioner filed her Report and Recommendation for the denial of Mr. Purnell's Rule 61 Motion. Mr. Purnell sent his objections to the Report and Recommendation to the State in November 2018. However, the Court did not receive his written objections until January 2, 2019. On that day, the Court accepted a courtesy copy of his objections from the State and directed that they be considered filed. After receiving them, the Court finds that the issues raised in his written objections were raised in his previous filing. The Commissioner's Report and Recommendation correctly recommended denial of his motion.

**NOW, THEREFORE,** after a *de novo* review of the record in this matter, and for the reasons stated in the Commissioner's Report and Recommendation dated October 31, 2018;

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation attached as Exhibit "A", is hereby adopted by the Court in its entirety. Accordingly, Mr. Purnell's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is hereby **DENIED**.

/s/Jeffrey J Clark
Judge

# Exhibit A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | I.D. No. 1607019111 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK16-08-0323-01 ATT Murder 1st (F) |
| AARON T. PURNELL, | ) | RK16-08-0324-01 PFDCF (F) |
| | ) | |
| Defendant. | ) | |

COMMISSIONER'S REPORT AND RECOMMENDATION

Upon Defendant's Motion for Postconviction Relief
Pursuant to Superior Court Criminal Rule 61

Stephen R. Welch, Jr., Deputy Attorney General, Department of Justice, for the State of Delaware.

Aaron T. Purnell, *Pro se*.

FREUD, Commissioner
October 31, 2018

The defendant, Aaron T. Purnell ("Purnell"), pled guilty on June 19, 2017 the day he was scheduled to go to trial, after he had initially rejected the State's plea offer and the jury had been picked, to one count of Attempted Murder in the First Degree, 11 *Del. C.*

4

§ 531, and one count of Possession of a Firearm During the Commission of a Felony ("PFDCF"), 11 *Del. C.* § 1447A. In exchange for his plea the State entered *nolle prosequis* on the remaining counts including three additional counts of PFDCF, one count of Possession of a Firearm by a Person Prohibited, one count of Aggravated Menacing, one count of Reckless Endangering in the First Degree, one count of Resisting Arrest with Force, and one count of Theft of a Firearm. As part of the Plea Agreement the State agreed to recommend a sentence of forty-three years incarceration, suspended after serving twenty-eight years, for probation. Due to the nature of the charges and Purnell's criminal history, he faced enhanced sentencing and a total of life in prison plus 122 years had he been found guilty of all the charges. The Court agreed with the State's recommendation and sentenced Purnell to a total of forty-three years incarceration suspended after twenty-eight years for probation, eighteen of which were minimum mandatory. On July 19, 2017, Purnell, through counsel, filed a Motion for Modification of Sentence which the Court denied on September 11, 2017. Purnell did not appeal his conviction or sentence to the Delaware Supreme Court. He filed, *pro se,* the pending motion for postconviction pursuant to Superior Court Criminal Rule 61 on April 3, 2017 alleging, in part, ineffective assistance of counsel.

## FACTS

Purnell was arrested on July 28, 2016, in connection with a shooting incident which had occurred at Alder Park Apartments south of Dover on July 24, 2016. On that date, Corporal Edwin Justiniano ("Cpl. Justiniano") of the Delaware State Police responded to a complaint that a man had pushed a woman in the commons area outside one of the apartment buildings and had displayed a firearm. Upon arriving at Alder Park Apartments at approximately 8:20 p.m., Cpl. Justiniano saw Purnell in the area where the complaint had been reported; he could see that Purnell appeared to match the description of the

assailant. Cpl. Justiniano told Purnell to "come over here," at which point Purnell and another individual who was in the area fled on foot behind one of the nearby apartment buildings. Cpl. Justiniano, who was alone, gave chase. The second individual soon veered off and ran in a different direction from Purnell. Cpl. Justinano chose to let that person go and continued to chase Purnell.

As Cpl. Justiniano pursued Purnell behind the building, Purnell turned and fired a shot at him from a distance of about 15 or 20 feet. Luckily, the shot missed. Cpl. Justiniano immediately returned fire but his shots also missed. He continued to follow the fleeing Purnell, who took a circuitous route but was eventually found in a bush in a nearby backyard. Police located a 9 mm pistol in the bush; this firearm was later determined to have fired a 9 mm shell casing found at the scene of the shooting. When the shooting occurred, it was not yet dark; for this reason, Cpl. Justiano was easily able to identify Purnell as the person who tried to shoot him. Cpl. Justiniano's motor vehicle recorder was operating at the time of the incident and preserved an audio recording of Cpl. Justiniano's initial verbal interactions with Purnell and of the shots which were filed. The incident occurred out of range of the camera so there was no visual recording.[1]

**Purnell'S CONTENTIONS**

In Purnell's Motion for Postconviction Relief he raises the following grounds for relief:

> Ground one: Ineffective Assistance of Counsel.
> I try (sic) to get another counsel on records. In Judge Witham said keep him are (sic) rep myself. I don't know the law so I was force (sic) to stay with Capone.

On a separate page Purnell lists the following issues with his counsel:

---

[1] *State v. Purnell*, Del. Super., ID No. 1607019111, D.I. 1.

6

Capone was never for me he told me that I would lose my trial because I have dreads in tatoo's in African american also told my mom the same thing. He also showed me a letter from my mom saying Aaron please take the plea, my mom never wrote that because she was not at my court date! Also the 4 motion a prison law worker put them together in I sent them to Capone so he could put them in.

Ground two:      Coerced Judge.
                 I stated on records that Capone was not for me in that I want a new counsel. Judge stated you keep Capone are (sic) rep myself. I don't know the law so I was forced to stay with Capone.

The grounds listed above constitute Purnell's entire argument. He did not file a memorandum in support of his claims. A briefing order was issued requesting a response from Purnell's Trial Counsel and the State and giving Purnell until August 13, 2018 to file a Reply to Trial Counsel and the State. Purnell did not file a response by August 13, 2018. However on September 27, 2018, Purnell filed a self-titled "Separate Memoranda Motion In Support of 61" in which he rehashes his arguments from his postconviction motion filed on April 3, 2018. He attempts to add an argument concerning the State forensic firearms expert and the voluntariness of his guilty plea. As an initial matter I note that this filing is out-of-time. I have however reviewed Purnell's out-of-time arguments and have decided that they are frivolous for the reasons outlined below and I will not seek input from Trial Counsel and the State.

## DISCUSSION

Under Delaware law, this Court must first determine whether Purnell has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the

merits of his postconviction relief claim.[2] This is Purnell's first motion for postconviction relief, and it was filed within one year of his conviction becoming final. Therefore, the requirements of Rule 61(i)(1) - requiring filing within one year and (2) - requiring that all grounds for relief be presented in initial Rule 61 motion, are met. None of Purnell's claims were raised at the plea, sentencing, or on direct appeal. Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice. Purnell's first claim and to some extent his claim concerning his guilty plea are based on ineffective assistance of counsel; therefore, he has alleged cause for his failure to have raised them earlier. His second ground for relief and his claim concerning the firearms expert are however clearly barred by Superior Court Criminal Rule 61(i)(3) for failure to show cause or prejudice.

At this point, Rule 61(i)(3) does not bar relief as to Purnell's grounds for relief alleging ineffective assistance of counsel, provided he demonstrates that his counsel was in fact ineffective and that he was prejudiced by counsel's actions. To prevail on his claim of ineffective assistance of counsel, Purnell must meet the two-prong test of *Strickland v. Washington*.[3] In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[4] The failure to establish that a defendant would not have pled guilty and would have proceeded

---

[2] *Bailey v. State,* 588 A.2d 1121, 1127 (Del. 1991).

[3] 466 U.S. 668 (1984).

[4] *Id*. at 687.

to trial is sufficient cause for denial of relief.[5] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[6] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable.[7] This standard is highly demanding.[8] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[9]

Following a complete review of the record in this matter, it is abundantly clear that Purnell has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective. I find Trial Counsel's affidavit, in conjunction with the record, more credible that Purnell's self-serving claims that his counsel's representation was ineffective. Purnell's counsel clearly denies the allegations.

As noted, Purnell was facing the possibility of life in prison plus 122 years had he been convicted, and the sentence and plea were reasonable under all the circumstances, especially in light of the exceptionally strong evidence against him. Prior to the entry of the plea, Purnell and his attorney discussed the case. The plea bargain was clearly advantageous to Purnell. Counsel's representation was certainly well within the range

---

[5] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997)(citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988))(citations omitted).

[6] *See e.g.*, *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[7] *Albury*, 551 A.2d at 59 (citing *Strickland*, 466 U.S. at 689).

[8] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990)(quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).

[9] *Strickland*, 466 U.S. at 689.

required by *Strickland*. Additionally, when Purnell entered his guilty plea, he stated he was satisfied with defense counsel's performance. He is bound by his statement unless he presents clear and convincing evidence to the contrary.[10] Consequently, Purnell has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Purnell was somehow deficient, Purnell must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[11] In an attempt to show prejudice, Purnell simply asserts that his counsel was ineffective. His statements are insufficient to establish prejudice, particularly in light of the evidence against him. Therefore, I find Purnell's grounds for relief are meritless. To the extent that Purnell alleges his plea was involuntary, the record contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[12] At the guilty-plea hearing, the Court asked Purnell whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty. The Court asked Purnell if he understood he would waive his constitutional rights if he pled guilty; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and

---

[10] *Mapp v. State*, 1994 WL 91264, at *2 (Del.Supr.)(citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[11] *Larson v. State*, 1995 WL 389718, at *2 (Del. Supr.)(citing *Younger*, 580 A.2d 552, 556 (Del. 1990)).

[12] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

whether he gave truthful answers to all the questions on the form. The Court asked Purnell if he had discussed the guilty plea and its consequences fully with his attorney. The Court asked Purnell if he was entering into the plea as he was guilty of the charges. The Court also asked Purnell if he was satisfied with this counsel's representation. Purnell answered each of these questions affirmatively.[13] I find counsel's representations far more credible than Purnell's self-serving, vague allegations.

Furthermore, prior to entering his guilty plea, Purnell signed a Guilty Plea Form and Plea Agreement in his own handwriting. Purnell's signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Purnell is bound by the statements he made on the signed Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[14] I confidently find that Purnell entered his guilty plea knowingly and voluntarily and that Purnell's grounds for relief are completely meritless.

## CONCLUSION

I find that Purnell's counsel represented him in a competent and effective manner and that Purnell has failed to demonstrate any prejudice stemming from the representation. I also find that Purnell's guilty plea was entered knowingly and voluntarily. I recommend that the Court ***deny*** Purnell's motion for postconviction relief as procedurally barred and completely meritless.

/s/ Andrea M. Freud
Commissioner

---

[13] *State v. Purnell*, Del. Super., ID No. 1607019111, (June 19, 2017), Tr. at 3 to 10.

[14] *Sommerville,* 703 A.2d at 632.

11